# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LACHELLE JONES,**

        **Plaintiff,**

**v.**                                                 **Case No:  6:18-cv-65-Orl-22DCI**

**QUEST DIAGNOSTICS**
**INCORPORATED,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**    **JOINT MOTION TO APPROVE FLSA SETTLEMENT AND FOR DISMISSAL OF THE ACTION WITH PREJUDICE (Doc. 26)**
>
> **FILED:**      **September 24, 2018**
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.    Background

Plaintiff filed this action against Defendant claiming that it failed to pay her overtime wages in violation of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207.  Doc. 1.

Plaintiff submitted answers to the Court's interrogatories asserting that Defendant failed to pay her a total of $5,558.40 in overtime wages during the relevant period.  Doc. 17-1 at 2.  Thus, Plaintiff asserted that she was entitled to recover that amount plus an equal amount in liquidated damages – i.e., a total of $11,116.80 – for her claim for unpaid overtime wages.  *Id.*

The parties settled the case, Doc. 21, and filed a joint motion to approve their settlement agreement, which they attached to the motion.  Docs. 26 (the Motion); 26-1 (the Agreement). Under the Agreement, Plaintiff will receive a total of $900.00 in unpaid overtime wages and $1,000.00 in attorney fees and costs in exchange for releasing the sole claim asserted in this case and all other FLSA claims she may have against Defendant.  Doc. 26-1 at 2-3.  The parties argue that the Agreement represents a fair and reasonable resolution of Plaintiff's FLSA claim and request that the Court grant the Motion and dismiss the case with prejudice.  Doc. 26 at 2.

## II.    Law

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  Before approving an FLSA settlement, the Court must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id*. at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

that are actually in dispute.  *See Lynn's Food Stores*, 679 F.2d at 1354.  There is a strong presumption in favor of settlement.  *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

In addition to the foregoing factors, the Court must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement."  *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3]  The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim.  *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.   Analysis

#### A.  The Settlement.

Plaintiff claims that she was not paid for all overtime hours she worked.  Docs. 1 at 3-4; 17-1 at 2.  Defendant denies this claim.  Doc. 10.  Thus, this case involves a disputed issue of liability under the FLSA, creating a bona fide dispute over the FLSA's provisions.

The parties have been represented by counsel throughout this case, have reviewed the available time and pay records, and have engaged in settlement discussions.  Doc. 26 at ¶¶ 3-4. Plaintiff agreed to compromise her claim (and the parties agreed to settle the case) to avoid "the

---

[2] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

expense, time, trouble, and uncertainty of further investigation and/or litigation." Doc. 26-1 at 1. As part of her compromise, Plaintiff agreed to forego her claim for liquidated damages, acknowledging that Defendant's alleged failure to pay overtime wages was a good faith mistake and not the result of a willful or knowing violation of the FLSA. *Id.* In light of the foregoing, Plaintiff agreed to receive a total of $900.00 in unpaid wages in exchange for releasing the sole claim asserted in this case and all other FLSA claims she may have against Defendant. *Id.* at 2-3. The undersigned finds that this is a fair and reasonable compromise based on the time, expense, and risks of continued litigation.[4]   Therefore, the undersigned **RECOMMENDS** that the Court find that the settlement is a fair and reasonable resolution of Plaintiff's FLSA claim.

### B. The Other Terms of the Agreement

Plaintiff has agreed to release the sole claim asserted in this case and all other FLSA claims she may have against Defendant, nothing more. Doc. 26-1 at 2. The limited scope of the release allays any concern that Plaintiff may be giving up an unknown, but valuable, claim that is wholly unrelated to the wage claim at issue in this case. *See, e.g.*, *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346 (M.D. Fla. 2010); *see also Bright v. Mental Health Res. Ctr., Inc.*, Case No. 3:10-cv-427-J-37TEM, 2012 WL 868804 (M.D. Fla. Mar. 14, 2012). Further, the Agreement does not contain

---

[4] Generally, "[a] plaintiff cannot waive her right to liquidated damages in a FLSA settlement when there is no genuine dispute about whether she is entitled to them." *Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)). The parties disputed whether Plaintiff was entitled to liquidated damages. *See* Docs. 1; 10; 17. Plaintiff, however, subsequently acknowledged that she was not entitled to liquidated damages. Doc. 26-1 at 1. Thus, considering the dispute about Plaintiff's claim for liquidated damages and her subsequent acknowledgment that she was not entitled to such damages, the undersigned finds the absence of liquidated damages from the settlement does not render the settlement unfair or unreasonable. *See Patterson v. Acad. Fire Prot., Inc.*, Case No. 3:13-cv-87-J-34JBT, 2014 WL 169812, at *6 (M.D. Fla. Jan. 8, 2014) (finding FLSA settlement agreement fair and reasonable where plaintiff did not receive liquidated damages under the agreement because there was a genuine dispute as to whether plaintiff was entitled to such damages).

any other provisions that are often found to undermine the fairness and reasonableness of an FLSA settlement – e.g., confidentiality and non-disparagement provisions.  *See* Doc. 26-1.  Thus, the undersigned **RECOMMENDS** that the Court find that none of the other terms of the Agreement affect the overall fairness and reasonableness of the settlement.

### C.  Attorney Fees and Costs.

Plaintiff's counsel will receive a total of $1,000.00 in attorney fees and costs for representing Plaintiff in this case.  Doc. 26-1 at 3.  The parties state that the attorney fees and costs were "negotiated separately from the sum recovered by Plaintiff."  Doc. 26 at 2.  The settlement is reasonable to the extent previously discussed, and the parties' foregoing statement adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff.  *See Bonetti*, 715 F. Supp. 2d at 1228.  Therefore, the undersigned **RECOMMENDS** that the Court find the agreement concerning attorney fees and costs does not affect the fairness and reasonableness of the settlement.

### IV.    Conclusion

Accordingly, it is respectfully **RECOMMENDED** that:

1. The Motion (Doc. 26) be **GRANTED**;

2. The Court find the Agreement (Doc. 26-1) to be a fair and reasonable settlement of Plaintiff's claim for unpaid overtime wages under the FLSA;

3. The case be **DISMISSED with prejudice**; and

4. The Clerk be directed to close the case.

### <u>NOTICE TO PARTIES</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.  **The parties may file a notice of no objection if they have no objection to this Report and Recommendation.**

Recommended in Orlando, Florida on November 29, 2018.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy